UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00489-JPH-KMB |
| | ) | |
| TERRY Officer, | ) | |
| FAWVER Officer, | ) | |
| JESSE Officer, | ) | |
| ZIGLER Officer, | ) | |
| WILLIAMS Officer, | ) | |
| GOODNIGHT Counselor, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Brandon Lewis is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil action alleging that he was subjected to retaliation and cruel and unusual punishment in violation of his First and Eighth Amendment rights. Dkt. 2. Because Mr. Lewis is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

1

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint alleges First and Eighth Amendment claims against 1) Officer Terry, 2) Officer Fawver, 3) Officer Jesse, 4) Officer Zigler, 5) Sergeant Williams, and 6) Counselor Goodnight.

Mr. Lewis alleges that, on December 21, 2022, Officer Zigler and Officer Jesse asked him if he wanted to see a mental health professional. When Mr. Lewis agreed, they escorted him to a four-foot-wide shakedown cage and locked him inside the cage. After Mr. Lewis had his mental health session he was left in the cage.

Mr. Lewis began to feel anxious about being confined in a small space and asked Officer Terry and Officer Fawver to release him because he needed to use the bathroom. But they laughed and refused his request. Officer Fawver told Mr. Lewis, "Since you got an attitude you can stay in there all fucking day." Dkt. 2 at 6. After Mr. Lewis had been in the cage for an hour, his mental health provider returned and told Sergeant Williams and Counselor Goodnight that Mr. Lewis was ready to go back to his cell. However, they did not release him.

After two hours, Mr. Lewis began screaming to Sergeant Williams, Counselor Goodnight, Officer Zigler, Officer Jesse, Officer Fawver, and Officer Terry to release him from the cage as they walked by, but they merely smiled and ignored his screams.

After five hours passed, Mr. Lewis was unable to hold his urine any longer and urinated on himself. He was then forced to sit in his urine for the next hour. Mr. Lewis was released from the cage after six hours but was denied a shower to clean himself. Mr. Lewis alleges that during these six hours of confinement, he was denied food and water. He filed two grievances regarding this experience which went unanswered. He seeks compensatory damages for his injuries.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

Mr. Lewis's First Amendment claim **is dismissed**. Generally, a plaintiff is only entitled to a single recovery for a single injury, regardless of how many defendants could be liable for that single injury, or how many different theories of recovery could apply to that single injury. *See Swanigan v. City of Chi.*, 881 F.3d 577, 582 (7th Cir. 2018) ("Federal common law prevents § 1983 plaintiffs from recovering twice for the same injury."); *Janusz v. City of Chi.*, 832 F.3d 770, 774 (7th Cir. 2016). Additionally, this claim involves the same set of facts implicated in his cruel and unusual punishment allegations; thus, it is redundant. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels").

Mr. Lewis alleges that he repeatedly asked to be let out of the cage and that instead of complying with his requests, the defendants left him in the cage for six hours where he was forced to sit in his urine. These facts dictate that the most applicable claim for Mr. Lewis's allegations is an Eighth Amendment claim, not a First Amendment. *Id.* ("[C]onstitutional claims must be

3

addressed under the most applicable provision."). Thus, Mr. Lewis First Amendment claim **is dismissed**.

Mr. Lewis's Eighth Amendment cruel and unusual punishment claim **shall proceed** against defendants Officer Terry, Officer Fawver, Officer Jesse, Officer Zigler, Sergeant Williams, and Counselor Goodnight in their individual capacities. A convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind. *See, e.g., Sain v. Wood*, 512 F.3d 886, 893–94 (7th Cir. 2008). With respect to this second, subjective element, an inmate must "prove that the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015)). An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need, *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012), such as "adequate food, clothing, shelter, and medical care," *Farmer*, 511 U.S. at 832. Mr. Lewis has alleged sufficient facts to state an Eighth Amendment claims. Accordingly, this claim **shall proceed**.

This Eighth Amendment claim is the only viable claim identified by the Court. All other claims have been dismissed. If Mr. Lewis believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 11, 2023,** in which to identify those claims.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Officer Terry, Officer Fawver, Officer Jesse, Officer Zigler, Sergeant Williams, and Counselor Goodnight in the manner specified by Rule 4(d). Process shall consist of the complaint filed on March 17, 2023, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/19/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON LEWIS
114683
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction: Pendleton Correctional Facility
    Sergeant Williams
    Officer Terry
    Officer Fawver
    Officer Jesse
    Officer Zigler
    Counselor Goodnight